UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,   Case No. 15-CR-193-PP

       Plaintiff,

v.

FIDELE F. HARRIS,

       Defendant.

---

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 18) AND DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (DKT. NO. 14)**

---

On October 6, 2015, defendant Harris was indicted by a federal grand jury on a single charge of possessing a firearm (which had traveled in interstate commerce) while under a domestic violence injunction. Dkt. No. 1. On December 8, 2015, the defendant filed a motion arguing that the court ought to dismiss the indictment, because on its face, it violated the defendant's Second Amendment right to keep and bear arms, and his Fifth Amendment right to due process. Dkt. No. 14. The defendant argued that the defendant had no criminal record, but that a Milwaukee County Court commissioner had made a finding—without the defendant having counsel, and without evidence—that there were "reasonable grounds to believe" that the defendant had been engaged in, or would be engaged in, domestic abuse of his girlfriend. Id. at 1-2. Further, the defendant argued, under Wisconsin law, one could be found to have engaged in "domestic abuse" even if one did not have any physical contact

1

with the subject of the domestic abuse injunction. Id. (citing Wis. Stat. §813.12(1)(m).

The defense argued that even though the state court commissioner made no findings that the defendant ever had used, or threatened to use, a weapon, nor that he posed a danger of using a weapon, she nonetheless imposed the "boilerplate firearm prohibition" in the injunction. Id. at 3. She imposed the prohibition for four years. Id. Not quite four years later, the defendant in this federal case was arrested for the current offense. Id. Relying on the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), the defendant argued that the minimal procedures necessary to support the issuance of a domestic abuse injunction under Wisconsin law were insufficient cause to strip someone of the Second Amendment right the Supreme Court recognized in Heller. Dkt. No. 14 at 9. While acknowledging that the Seventh Circuit has applied heightened scrutiny (something more than "rational basis" scrutiny—perhaps intermediate scrutiny) to statutes or regulations which infringe on the right to bear arms, the defendant urged this court to use strict scrutiny. Id. at 10 (citations omitted). The defendant also argued that, regardless of the level of scrutiny the court applied, it should find that the government had not demonstrated a valid government interest in infringing on the defendant's Second Amendment rights under the circumstances of this case, and asked for an evidentiary hearing. Id. at 14.

The defendant also argued that §922(g)(8) violated the Due Process Clause of the Fifth Amendment, because he did not receive due process in the

2

domestic violence injunction hearing that resulted in his being stripped of his right to possess a firearm. Id. at 20-24.

The government responded by noting that the defendant's Second Amendment arguments had been rejected by a number of federal courts, including the Seventh Circuit. Dkt. No. 16 at 1 (citing, e.g., United States v. Skoien, 614 F.3d 638 (7th Cir. 2010). The government also noted that other circuits have held that a defendant cannot use a motion to dismiss to collaterally attack the underlying state injunction. Id. at 2.

Factually, the government pointed out that the injunction order warned the defendant that for him to possess a firearm while subject to the injunction constituted both a state and a federal crime. Id. at 4. The government argued that on August 19, 2015, Milwaukee Police officers received a complaint about a man waving and firing a gun. They investigated, and found the defendant in the middle of a "heated" argument at the scene of a car accident; he had a 9mm pistol in his car. Id. This event took place after the domestic violence injunction hearing, and after the court commissioner had issued the order warning the defendant that possession of a firearm constituted a crime.

Legally, the government noted that the Heller decision struck down as unconstitutional states which totally banned possession of a firearm in a person's home; the court clarified that its opinion was not meant to impact prohibitions on firearm possession by felons, or mentally ill persons, or restrictions on place. Id. at 5. The government argues that §922(g)(8) was one of those statutes the Heller court had not intended to disturb—a statute that

3

prohibits a person who, after a hearing of which the person had notice and an opportunity to be heard, is determined by a court to pose a threat to the safety of a domestic partner and/or child. Id. at 5-6. The government also noted that the law prohibited possession only during the time that the person is under the injunction. Id. at 6. The government emphasized the Seventh Circuit's use of an intermediate level of scrutiny in considering statutory restrictions on gun possession, citing Skoien. Id. It argued that §922(g)(8)'s prohibition applied only to individuals currently under a restraining order or injunction, only to orders issued after a hearing for which the defendant had notice and an opportunity to be heard, and only where a judicial officer (such as a court commissioner) had found a likelihood of domestic violence "sufficient to trigger the issuance of an injunction." Id. at 7. Finally, the government argued that the question was not whether §922(g)(8) was unconstitutional as applied to this particular defendant, but whether its prohibition is "substantially related to the objective of preventing gun violence," or was "a reasonable (and not necessarily perfect) fit between means and ends." Id. at 8.

As to the Fifth Amendment due process argument, the government argued that the defendant was asking this court to review the Wisconsin statutory process for conducting domestic violence injunction hearings, and reiterated that four circuits, including the Seventh, had indicated that a defendant could not use a §922(g)(8) challenge to collaterally attack the underlying domestic abuse injunction. Id. at 10 (citing, e.g., United States v. Wescott, 576 F.3d 347 (7th Cir. 2009)).

4

In his reply, the defendant reiterated his concerns about the procedure the Milwaukee County Circuit Court commissioner used to issue the order that he violated. Dkt. No. 17.

Magistrate Judge Duffin has recommended that this court deny the motion to dismiss. Dkt. No. 18. Judge Duffin relied in great part on Judge Lynn Adelman's 2008 decision in United States v. Luedtke, 589 F. Supp. 1018 (E.D. Wis. 2008), in which Judge Adelman rejected the same arguments the defendant makes here in upholding 18 U.S.C. §922(g)(9) against a Second Amendment challenge. Id. at 3-4. Judge Duffin also found that the defendant's Fifth Amendment argument ran afoul of the Seventh Circuit's prohibition against using a §922(g)(8) challenge to collaterally attack state court procedure. Id. at 5. The defendant did not object to Judge Duffin's recommendation.

The court agrees both with Judge Duffin's analysis of the Second Amendment challenge, and with Judge Adelman's. The court also agrees with Judge Duffin that a §922(g)(8) challenge is not the proper vehicle for the defendant's attempt to challenge the level of process he received in the state court injunction hearing.

For these reasons, the court adopts Judge Duffin's report and recommendation in whole, and incorporates his conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's December 8, 2015 motion to dismiss the indictment is **DENIED**. (Dkt. No. 14) The court has tentatively scheduled a change of plea hearing for February 25, 2016 at 1:30 p.m. in

5

Room 225. If the parties have not filed a plea agreement by that date, the court will use that hearing to discuss further scheduling.

Dated in Milwaukee, Wisconsin this 18th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge